**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-4351**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DYRRLE GENE OSBORNE,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:09-cr-00204-RJC-1)

───────────────

Submitted: January 5, 2012      Decided: January 24, 2012

───────────────

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Angela G. Parrott, Acting Executive Director, Elizabeth A. Blackwood, Research and Writing Attorney, Ann L. Hester, Assistant Federal Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Kurt W. Meyers, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dyrrle Gene Osborne appeals his conviction under 18 U.S.C. § 641 (2006). We have reviewed the record and find no reversible error. Accordingly, we affirm.

Between 2003 and 2005, Osborne was an active member of the United States Army. After Osborne separated from active duty, however, he continued to receive salary payments in error by direct deposit and spent the funds so deposited. A jury found Osborne guilty of conversion, in violation of 18 U.S.C. § 641, and making false statements regarding a matter within the jurisdiction of a Government agency, in violation of 18 U.S.C. § 1001 (2006). On appeal, Osborne argues that the Government failed to prove an essential element of its conversion charge, specifically its ownership of the funds that had been erroneously deposited. He contends that the district court therefore erred in denying his motion for acquittal under Fed. R. Civ. P. 29 and preventing him from making certain arguments to the jury.

We conclude that Osborne's arguments are without merit. As a matter of law, the Government retained an ownership interest for purposes of § 641 in the erroneously-issued funds. See United States v. Smith, 373 F.3d 561, 576 (4th Cir. 2004) (the fact "that he had lawful possession of the funds . . . did not give him the right to appropriate them for his own

2

purposes") (emphasis added); <u>United States v. Gill</u>, 193 F.3d 802 (4th Cir. 1999) (affirming § 641 conviction where social security checks were deposited and subsequently misappropriated by the intended beneficiary's mother). The district court therefore did not err in denying Osborne's Rule 29 motion[*] or precluding statements of law to the contrary in his closing argument.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] Osborne does not challenge on appeal, nor did he challenge at trial, the sufficiency of the Government's evidence on any other element of the conversion charge.